UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

JAMES R. BURGESS, )
)
)
　　　Plaintiff, )
)
)
vs. ) Civil Action No. CV-96-S-2754-NE
)
MORGAN COUNTY SHERIFF'S )
DEPARTMENT; STEVEN L. CRABBE, )
in his official capacity as )
Sheriff of Morgan County, )
Alabama, and JOE PARRISH, )
in his individual capacity )
and in his official capacity )
as an employee of Morgan )
County Sheriff's Department, )
Morgan County Alabama. )
)
　　　Defendants. )



ENTERED

MAR 28 1997

## MEMORANDUM OPINION

This action is before the court on plaintiff's amended motion for leave to amend the complaint, and motions to dismiss filed by defendants Joe Parrish and Steven Crabbe. Upon consideration of the pleadings, briefs, and motions, this court concludes that all motions are due to be granted.

### I. PLAINTIFF'S AMENDED COMPLAINT

Plaintiff has moved to amend his complaint within the time allowed by this court's scheduling order. Accordingly, the motion is due to be granted. Plaintiff brings the following claims in his amended complaint against Morgan County Deputy Sheriff Joseph Parrish, in both his official and individual capacities: a claim based on 42 U.S.C. § 1983 for violation of rights secured under the First, Fourth, and Eighth Amendments to the United States Constitution; and, pendent state law claims of battery, negligence

and/or wantonness, and malicious prosecution. (Plaintiff's Amended Complaint, at 3-8.) Plaintiff also seeks to hold Morgan County Sheriff Stephen L. Crabbe liable, both individually and officially, under a theory of *respondeat superior*. Plaintiff brings the following claims against Sheriff Crabbe under that theory: a § 1983 claim; and pendent state law claims of battery and negligence and/or wantonness. (*Id.*, 3-7.) Plaintiff seeks declaratory and injunctive relief, in addition to compensatory and punitive damages. Specifically, plaintiff seeks the following equitable relief:

> An order declaring the actions of the deputy Sheriff as alleged herein to be unconstitutional and an order enjoining the sheriff and his deputies from future conduct like that alleged above: the use of excessive force, warrantless searches, invading the home of this and other citizens for the purpose of illegal arrests and other such constitutional violations such as was pled and proven in this action.

(Plaintiff's Amended Complaint, at 8.) Although that request for injunctive relief would technically allow some of plaintiff's claims to proceed for the limited purpose of pursuing declaratory and injunctive relief, plaintiff's counsel, Mr. Brian M. White, advised the court at its March 26, 1997 motion docket that plaintiff has no desire to pursue such limited relief and consents to the dismissal of such claims.

## II. SHERIFF CRABBE'S MOTION TO DISMISS

**A.   § 1983 Claim**

Plaintiff alleges the following in the § 1983 count of his amended complaint: "Defendant Crabbe is liable to the Plaintiff under the doctrine of **Respondeat Superior**." (Plaintiff's Amended

2

Complaint, ¶ 24 (emphasis in original).) "An official's liability under Section 1983, however, may not be based on *respondeat superior* or vicarious liability." *Thompson v. Bass*, 616 F.2d 1259, 1268 (5th Cir. 1980)(citing *Monell v. Department of Social Services*, 436 U.S. 658, 664, n.7, 98 S.Ct. 2018, 2022 n.7 (1978); *Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979)(holding that sheriff cannot be held liable under doctrine of *respondeat superior* for civil rights violations committed by his deputy).[1] Therefore, that claim is due to be dismissed.

**B. State Law Claims**

Plaintiff also seeks to hold Sheriff Crabbe liable, both individually and officially, under a theory of *respondeat superior* for the state law claims of battery, negligence, and/or wantonness. Alabama grants sovereign immunity to its state executive officers pursuant to Article I, § 14 of the Alabama Constitution of 1901, which states that "the State of Alabama shall never be made a defendant in any court of law or equity." Under Alabama law, both sheriffs[2] and deputy sheriffs are considered executive officers of the state. *See Phillips v. Thomas*, 555 So. 2d 81, 83 (Ala. 1989). Section 14 immunity extends to officers sued in both their official and individual capacities. *Alexander v. Hatfield*, 652 So. 2d 1142,

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[2] Article V, § 112, Alabama Constitution (1901), provides: "The executive department shall consist of a governor, lieutenant governor, attorney-general, state auditor, secretary of state, state treasurer, superintendent of education, commissioner of agriculture and industries, <u>and a sheriff for each county</u>." (Emphasis supplied.)

3

1143 (Ala. 1995); *see also McMillan v. Johnson*, 101 F.3d 1363, 1365 (11th Cir. 1996)("under Alabama law, a claim against an Alabama sheriff in his individual capacity is barred by the doctrine of sovereign immunity"); *Tinney v. Shores*, 77 F.3d 378, 383 n.3 (11th Cir. 1996)("Alabama law affords § 14 immunity to state officers sued in both their official and individual capacities")(citations omitted). The only exceptions to the sovereign immunity extended to sheriffs or deputy sheriffs are actions brought:

> (1) to compel him to perform his duties, (2) to compel him to perform ministerial acts, (3) to enjoin him from enforcing unconstitutional laws, (4) to enjoin him from acting in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of the law, or (5) to seek construction of a statute under the Declaratory Judgment Act if he is a necessary party for the construction of the statute.

*Parker v. Amerson*, 519 So. 2d 442, 443 (Ala. 1987). At first glance, plaintiff's requested injunctive relief would appear to fit under the exception for an action "to enjoin [Sheriff Crabbe] from acting in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of the law." *Parker*, 519 So. 2d at 443. The Alabama Supreme Court holds to the contrary, however. In *White v. Birchfield*, 582 So. 2d 1085 (Ala. 1991), the Court said

> [a] claim of *respondeat superior* does not fit into any of these special exceptions to the absolute immunity afforded to state officials when the action is, in essence, one against the state. White's claim against Sheriff Morgan, based not upon the sheriff's actions as an individual, but upon his official position as "employer" of [Deputy] Birchfield, is, in essence, a claim against the state; therefore, that claim is barred by the absolute immunity of Article I, § 14, of the Alabama Constitution of 1901.

4

*White*, 582 So. 2d at 1088. Plaintiff's claim is not based upon Sheriff Crabbe's actions as an individual, but upon his official position as "employer" of Deputy Parrish. Accordingly, all claims against sheriff Crabbe are due to be dismissed.

### III. DEPUTY SHERIFF PARRISH'S MOTION TO DISMISS

**A. 42 U.S.C. § 1983**

**1. Official capacity claim**

Deputy Parrish is not considered a "person" subject to suit under § 1983, <u>when sued in his official capacity</u>. That result flows from *Will v. Michigan Department of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989), where the Supreme Court held "that neither a State nor its officials acting in their official capacities are 'persons' under § 1983." An understanding of the rationale undergirding the *Will* holding, and thereby of its application to this case, requires some discussion.

To begin with, the Eleventh Amendment[3] bars suits against a state in a federal forum, "unless that State has waived its immunity, ... or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity." *Will*, 491 U.S. at 66, 109 S.Ct. at 2309-10(citation omitted). The Court found "[t]hat Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity and so to alter the federal-state balance in that respect...." *Will*, 491 U.S. at

---

[3] The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

5

66, 109 S.Ct. at 2310.[4] In addition, suits against an official acting in his or her official capacity impose liability on <u>the governmental entity</u> the official represents. *E.g., Brandon v. Holt*, 469 U.S. 464, 471-72, 105 S.Ct. 873, 877-78, 83 L.Ed.2d 878 (1985). "Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. ... As such, it is no different from a suit against the State itself." *Will*, 491 U.S. at 71, 109 S.Ct. at 2312.

In that regard, the 1901 Constitution of the State of Alabama provides that sheriffs are executive officers of the State.[5] *See Parker v. Amerson*, 519 So. 2d 442, 442-43 (Ala. 1987). Therefore, sheriffs enjoy Eleventh Amendment protection when they are sued in

---

[4] In addition to its discussion of the Eleventh Amendment's impact upon the scope of § 1983, the *Will* court found that

> Congress did not intend to override well-established immunities or defenses under the common law. ... The doctrine of sovereign immunity was a familiar doctrine at common law. The principle is elementary that a State cannot be sued in its own courts without its consent." ... We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent.
>
> The legislative history of § 1983 does not suggest a different conclusion. ... Construing § 1983 as a remedy for "official violation of federally protected rights" does no more than confirm that the section is directed against state action — action "under color of" state law. *It does not suggest that the State itself was a person that Congress intended to subject to liability.*

*Will*, 491 U.S. at 67-68, 109 S.Ct. at 2310-11 (emphasis supplied)(citations omitted).

[5] *See* note 2 *supra*.

6

their official capacities for damages under § 1983. *Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990), *reh'g denied*, 925 F.2d 1471 (11th Cir. 1991). Moreover, deputy sheriffs are viewed under Alabama law as "an extension of the Sheriff." *Carr*, 916 F.2d at 1526. Eleventh Amendment immunity extends to deputy sheriffs sued in their official capacities, because of their "traditional function under Alabama law as the Sheriff's alter ego." *Carr*, 916 F.2d at 1527. Thus, Deputy Parrish is not considered a "person" subject to suit under § 1983, when sued for damages in his official capacity.

On the other hand, the Supreme Court does not view the Eleventh Amendment as a bar to suits for prospective injunctive relief against state officials acting in their official capacity. *Parker v. Williams*, 862 F.2d 1471, 1475 (11th Cir. 1989)(citing *Edelman v. Jordan*, 415 U.S. 651, 664, 94 S.Ct. 1347, 1356, 39 L.Ed.2d 662 (1974)); *see also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 n.10, 109 S.Ct. 2304, 2312 n.10, 105 L.Ed.2d 45 (1989)(holding that "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State'"). Plaintiff's counsel, however, has represented to this court that plaintiff does not choose to pursue any claims for the limited purpose of seeking prospective injunctive relief. Therefore, plaintiff's § 1983 claim against deputy Parish in his official capacity is due to be dismissed.

7

2. **Individual capacity claim**

Eleventh Amendment immunity does not shield Deputy Parrish in his individual capacity from liability under § 1983.

B. **State Law Claims**

1. **Claims against Deputy Parrish for actions taken while acting in the line and scope of his employment**

Plaintiff alleges that while "acting in the line and scope of his employment," deputy Parrish committed battery, negligence, and/or wantonness which proximately injured plaintiff. (Plaintiff's Amended Complaint, at 6-7.) "[A] deputy sheriffs is afforded the same immunity from suit as a sheriff in regard to claims for monetary damages stemming from activities performed while working in the line and scope of his or her employment." *Purvis v. Mobile County*, 1996 WL 698004 (Ala. Dec. 6, 1996)(citing *Alexander v. Hatfield*, 652 So. 2d 1142 (Ala. 1994); *see also Wright v. Bailey*, 611 So. 2d 300, 303 (Ala. 1992)("[a] deputy is legally an extension of the sheriff. If the deputy's acts are generally considered the acts of the sheriff, it is logical that those acts should enjoy the same immunity covering the sheriff's own acts")(citations omitted). Based upon the foregoing and plaintiff's desire not to pursue prospective injunctive relief, plaintiff's state law claims against Parrish based upon actions taken while acting in the line and scope of his employment are due to be dismissed.

8

2. **Claims against Deputy Parrish for actions taken while not acting in the line and scope of his employment**

Plaintiff presents a claim for malicious prosecution against deputy Parrish. Plaintiff alleges that "Parrish was acting as an individual citizen in filing the private warrants and outside the line and scope of his employment as a deputy of the Sheriff of Morgan County, Alabama." (Plaintiff's Amended Complaint, at 8.) Defendant asserts that

> [t]his court should not exercise supplemental jurisdiction over plaintiff's malicious prosecution claim ... under 28 U.S.C. § 1367(c). Such claim alleges matters and actions allegedly committed by defendant Parrish acting as a private citizen which are legally distinct from the issue of whether or not defendant Parrish violated the plaintiff's civil rights during the plaintiff's arrest or committed a battery upon the plaintiff.

(Defendants' Response and Opposition to Amended Motion for Leave to Amend Complaint, at ¶ 5.) This court agrees, and declines to exercise supplemental jurisdiction over plaintiff's malicious prosecution claim. Therefore, that claim is dismissed without prejudice.[6]

### IV. CONCLUSION

An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this 28th day of March, 1997.

_____
United States District Judge

---

[6] This court directs counsel to 28 U.S.C. § 1367(d), which tolls the limitations period on plaintiff's pendent state law claim for thirty days so that claim may be refiled in state court.

9